IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>DAGOBERTO CASTILLO LUJAN,<br><br>                    Defendant. | 4:13-CR-3130<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report (PSR) in this case. The defendant has objected to the PSR (filing 301) and moved for a variance based upon proposed changes to the Guidelines' drug quantity tables. Filings 302 and 303.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to several aspects of the PSR. First, the defendant objects to the probation officer's drug quantity determination. The probation officer found that the defendant should be held responsible for 3.18 kilograms of methamphetamine mixture, resulting in a base offense level of 34. PSR at ¶ 49. In their Rule 11(c)(1)(B) plea agreement, the parties stipulated that the defendant should be held responsible for at least 50 grams of actual methamphetamine (for a minimum base offense level of 32). Filing 215 at 3.

It is the government's burden to prove drug quantity by a preponderance of the evidence. *United States v. Young*, 689 F.3d 941, 945 (8th Cir. 2012). And it is well settled that "[t]he PSR is not evidence. If the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof . . . the government must present evidence at the sentencing hearing to prove the existence of the disputed facts." *United States v. Mann*, 701 F.3d 274, 310 (8th Cir. 2012). The government should therefore be prepared to present evidence as to the quantity of drugs attributable to the defendant. The Court will resolve this objection at sentencing.

Second, the defendant objects to the probation officer's determination that he is not eligible for safety valve relief, pursuant to U.S.S.G. § 5C1.2, as well as the resulting two-level reduction in the offense level pursuant to U.S.S.G. § 2D1.1(b)(16). PSR ¶¶ 42, 50. There are five statutory prerequisites for safety-valve eligibility, and it is undisputed that the defendant meets the first four. *See* 18 U.S.C. § 3553(f)(1)-(4). The issue is whether the defendant has satisfied the fifth prerequisite, which requires that, not later than the time of the sentencing hearing, the defendant must have truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. 18 U.S.C. § 3553(f)(5).

> The Court will resolve this matter at sentencing, following an evidentiary hearing. In doing so, the Court will be mindful of the fact that it is the defendant's burden to show affirmatively that he has satisfied each requirement for safety valve relief, including whether he has provided truthful information to the government. *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005).
>
> Third, the defendant objects to the probation officer's determination that he is not eligible for a reduction for his role in the offense, pursuant to U.S.S.G. § 3B1.2. PSR ¶¶ 43, 52. It is the defendant's burden to establish that a minor-participant reduction is warranted. *United States v. Gayekpar*, 678 F.3d 629, 639 (8th Cir. 2012). The Court will resolve this objection at sentencing, following an evidentiary hearing.
>
> Finally, the defendant has moved for a variance, requesting that the Court vary downward by two levels based upon the proposed amendments to the offense levels associated with the drug quantity tables. Filings 302 and 303. The Court will resolve this matter at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 23rd day of June, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

- 4 -